IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDRE D. JOHNSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 18-365-RGA |
| | : | |
| DANA METZGER, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

## I. BACKGROUND

In May 1994, a Delaware Superior Court jury convicted Petitioner of two counts each of second degree burglary, second degree conspiracy, and misdemeanor theft, and one count each of theft, theft of a firearm, carrying a concealed deadly weapon, possession of a deadly weapon by a person prohibited, resisting arrest, and disobeying a traffic device. *See Johnson v. State*, 962 A.2d 917 (Table), 2008 WL 5191835, at *1 (Del. Dec. 11, 2008); *Johnson v. Phelps*, 717 F. Supp. 2d 398, 400 (D. Del. 2010). The Superior Court sentenced Petitioner as a habitual offender to life imprisonment on one count of second degree burglary, and to a total of nineteen additional years of incarceration on the remaining convictions. *See Johnson*, 2008 WL 5191835, at *1. Acting *pro se*, Petitioner appealed his convictions and sentences, but later voluntarily withdrew his appeal in 1995. *See id.*

In April 2008, Petitioner filed in the Superior Court a motion to correct an illegal sentence pursuant to Delaware Superior Court Criminal Rule 35(a). *See Johnson*, 2008 WL

5191835, at *1. The Superior Court denied the motion on May 21, 2008, and the Delaware Supreme Court affirmed that decision in December 2008. *Id.* at *2.

In June 2010, the Honorable Sue L. Robinson denied as time-barred Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Johnson*, 717 F. Supp. 2d at 403-04. In August 2013, Petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging that the trial court violated his right to self-representation during his 1994 criminal proceeding and that defense counsel provided ineffective assistance by failing to protect his right to self-representation. *See State v. Johnson*, 2016 WL 4257504, at *3 (Del. Super. Ct. Aug. 11, 2016). Although it determined that the Rule 61 motion was time-barred, the Delaware Superior Court concluded that Petitioner's contentions warranted consideration on the merits under Rule 61(i)(5). *Id.* The Superior Court denied the Rule 61 motion as meritless on August 11, 2016. *Id.* at *9. The Delaware Supreme Court affirmed that decision on March 22, 2017. *See Johnson v. State*, 159 A.3d 263 (Table), 2017 WL 1090542, at *1 (Del. Mar. 22, 2017).

On December 6, 2017, Petitioner filed in the Court of Appeals for the Third Circuit an Application for Leave to File Second or Successive Habeas Petition ("Application"), asserting two grounds for relief: (1) the trial court denied his right to self-representation during his 1994 state criminal proceeding; and (2) defense counsel provided ineffective assistance during that same state criminal proceeding by failing to protect his right to self-representation. *See In re: Andre Johnson*, C.A. No. 17-3642, Application (3d Cir. Dec. 6, 2017). Petitioner contended that the Third Circuit should grant permission for him to file his second Application for habeas relief

2

under *Martinez v. Ryan*, 566 U.S. 1 (2012). The Third Circuit denied the Application on January 9, 2018. *See In re: Andre Johnson*, C.A. No. 17-3642, Order (3d Cir. Jan. 9, 2018).

In March 2018, Petitioner filed in this Court a document titled "Motion for Relief from Judgment, Proceedings and Order Under Rule 60(b)" and a Motion for Leave to Proceed *In Forma Pauperis*. (D.I. 1; D.I. 2) Petitioner filed an Amendment to the Rule 60(b) Motion in July 2018. (D.I. 9)

## II.  LEGAL STANDARDS

A motion filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). However, a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Moreover, when, as here, a district court is presented with a motion filed pursuant to Rule 60(b) after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's

3

underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). A habeas petition is classified as "second or successive" within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III. DISCUSSION

In his Rule 60(b) Motion, Petitioner asks the Court to directly vacate his 1994 conviction and the Delaware state courts' denial of his Rule 61 motion on the ground that the trial judge committed fraud and/or engaged in misconduct by violating his right to self-representation.[1] (D.I. 3 at 2-3; D.I. 6 at 5) Petitioner's Rule 60(b) Motion is unavailing for two reasons. First, the Court lacks jurisdiction to grant the relief Petitioner requests under Rule 60(b), because Rule 60(b) only authorizes a district court to vacate its own orders and judgments in the civil context; it does not authorize a district court to vacate a state criminal judgment or order. *See Florimonte v. Borough of Dalton*, 2017 WL 7542619, at *4 (M.D. Pa. Dec. 14, 2017); *Green v. Coleman*,

---

[1] Petitioner also did not include on his Rule 60(b) Motion the Civil Action Number of his first habeas proceeding, *Johnson v. Phelps*, Civ. A. No. 00-104-SLR, and he is not asking the Court to reconsider the Honorable Sue L. Robinson's dismissal of his first habeas petition.

2014 WL 1050542, at *2 (W.D. Pa. Mar. 18, 2014); *see also Negron v. United States*, 164 F. App'x 158, 159 (2d Cir. 2006) ("Federal Rules of Civil Procedure 'govern the procedure in the United States district courts in all suits of a *civil* nature' .... Thus, Rule 60(b) cannot afford [petitioner] relief from his judgment of conviction in a criminal case.").

Second, the only method by which a state prisoner can challenge a state court criminal conviction in federal court is via a habeas petition filed pursuant to 28 U.S.C. § 2254. *See In re Robinson*, 425 F. App'x 114, 115 (3d Cir. May 2, 2011) ("The proper avenue for challenging a state court conviction in federal court is 28 U.S.C. 2254."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, his sole federal remedy is a writ of habeas corpus."); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) ("Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241."). Although Petitioner has styled his filing as a Rule 60(b) Motion, the Motion is collaterally attacking Petitioner's underlying conviction. After reviewing Petitioner's instant filing in context with his earlier habeas proceeding, it is apparent that the instant filing constitutes a second or successive habeas petition for the purposes of § 2244. *See Gonzalez*, 545 U.S. at 531-32 (holding that a Rule 60(b) motion adding a new ground for relief advances a "claim" that is subject to the "second or successive" restrictions contained in 28 U.S.C. § 2244(b)); *see also Pridgen*, 380 F.3d at 817. For instance, the filing challenges Petitioner's 1994 conviction in the Delaware Superior Court, which is the same conviction Petitioner challenged in his first habeas petition. Petitioner could have asserted this argument in his first petition. The denial of Petitioner's first petition as time-barred was an

adjudication on the merits for the purposes of 28 U.S.C. § 2244(b). *See Benchoff*, 404 F.3d at 817-18; *Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005).

The record reveals that Petitioner did not obtain authorization from the Third Circuit Court of Appeals to file the instant successive habeas request. *See* 28 U.S.C. §§ 2244(b)(2)(B) & (3). In fact, the Third Circuit denied Petitioner's request for authorization to file a second or successive habeas petition that raised the same ground asserted here. Consequently, the Court concludes that it lacks jurisdiction to consider the instant unauthorized second or successive habeas petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139.

Since the Third Circuit has already denied Petitioner's request to file a second or successive habeas petition raising the same claim presented here, it would not be in the interest of justice to transfer this case to the Court of Appeals for the Third Circuit. In addition, nothing in the instant filing comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the instant unauthorized second or successive habeas petition for lack of jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Court construes Petitioner's Rule 60(b) Motion to be an unauthorized second or successive habeas petition. Consequently, the Court will summarily dismiss the Petition for lack of jurisdiction, and dismiss as moot Petitioner's Motion for Leave to Proceed *In Forma Pauperis*. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional

6

right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).  A separate Order will be entered.

Dated: November 16, 2018

_____
UNITED STATES DISTRICT JUDGE